IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GLORIA E. SCARNATI,

    Plaintiff,

        v.

BRENTWOOD BOROUGH POLICE
DEPARTMENT, SERGEANT JOHN
VOJTAS,

    Defendants.

13cv1461
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION
## RE: PLAINTIFF'S MOTION TO REMAND; DEFENDANTS' MOTION TO DISMISS
## (DOC. NO. 6; DOC. NO. 4).

### I. Introduction

Presently before the Court is a Motion to Remand filed by Plaintiff, Gloria E. Scarnati ("Plaintiff"), and a Motion to Dismiss filed by Defendants, the Brentwood Borough Police Department and Sgt. John Vojtas ("Defendants"). For the following reasons, Plaintiff's Motion to Remand (Doc. No. 6) will be denied, and Defendants' Motion to Dismiss (Doc. No. 4) will be granted.

### II. Procedural History

Plaintiff filed her initial Complaint against Defendants in the Court of Common Pleas of Allegheny County on July 25, 2013. Doc. No. 1, par. 1. After her initial Complaint was dismissed without prejudice, Plaintiff filed an Amended Complaint on September 6, 2013, which Defendants received on September 9, 2013. Doc. No. 1, par. 2, 4, 5; Doc. No. 6, par. 4, 5. In her Amended Complaint, Plaintiff alleges numerous claims under state and federal law, including,

*inter alia*, violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Doc. No. 1, Ex. 2, par. 4. Defendants removed the case to this Court on October 8, 2013, and filed their Motion to Dismiss on October 15, 2013. Doc. No. 1; Doc. No. 4. Defendants move to dismiss Plaintiff's claims in their entirety as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 4. Plaintiff responded to this Motion on October 25, 2013. Doc. No. 10; Doc. No. 11.

On October 15, 2013, Plaintiff filed a "Response to Defendants' Notice of Removal," in which she criticized the removal of her case to this Court. Doc. No. 6. Given Plaintiff's *pro se* status in this case, the Court has treated Plaintiff's "Response" as a Motion to Remand. 10/16/2013 Text Order. Defendants responded to this Motion on October 17, 2013, and Plaintiff replied to that Response on October 25, 2013. Doc. No. 8; Doc. No. 9. Both Motions are now ripe for disposition and are the subject of this Memorandum Opinion.

## III. Standard of Review

### a. Motion to Remand

After a case has been removed to Federal Court, a party may move to remand the case on the grounds of either noncompliance with removal procedure or a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). A motion to remand based on a procedural defect must be made within 30 days after the filing of the notice of removal, but a case should be remanded at any time, whether by motion or *sua sponte*, when a Court recognizes a defect in its subject matter jurisdiction. *Id.*; *see also Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998).

The party asserting jurisdiction has the burden of showing the action is properly before the Court. *See*, e.g., *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). It is also

2

widely recognized that the removal statutes are to be construed strictly against removal and all doubts resolved in favor of remand. *Id.*; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

### b. 28 U.S.C. § 1915(e)(2)

28 U.S.C. § 1915(e)(2) provides, in relevant part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>     (B) the action or appeal —
>         (i) is frivolous or malicious; [or]
>         (ii) fails to state a claim on which relief may be granted[.]

The standard under which a District Court may dismiss an action as frivolous was clarified by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327; *see also Mehta v. City of New Jersey City*, 360 F. App'x 270, 271 (3d Cir. 2010).

### c. Failure to State a Claim Pursuant to Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third

Circuit recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcoft v. Iqbal* 129 S.Ct. [at 1947.] Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id.* This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.
>
> *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## IV. Discussion

The Court will address Plaintiff's Motion to Remand first, as it is the Court's responsibility to ensure that it has subject matter jurisdiction in each case. *See*, e.g., *Medlin v. Boeing Vertol Co.*, 620 F.2d 957, 960 (3d Cir. 1980).

### a. Plaintiff's Motion to Remand

Defendants have satisfied their burden of showing that the Court has jurisdiction over this matter. As Defendants point out, Plaintiff explicitly asserts claims of violations of her federal constitutional rights pursuant to 42 U.S.C. § 1983. Doc. No. 2, ex. 2, par. 4. Thus, Plaintiff's Amended Complaint clearly sets forth claims "arising under" the United States Constitution and

federal law, thus satisfying the requirements for the Court's federal question jurisdiction. 28 U.S.C. § 1331.

Plaintiff offers no argument for why removal was procedurally improper in this case, and no argument for why this Court lacks subject matter jurisdiction. Plaintiff points out several "lies" in the Notice of Removal, such as that Defendants stated that her original Complaint was dismissed *with* prejudice, when it was actually dismissed *without* prejudice. Doc. No. 6, par. 11, 12. While this is unquestionably an important distinction, the Court is satisfied that this alleged "lie" was based on a clerical error at the Court of Common Pleas, and even if it were not, it would not be grounds for remanding an otherwise properly removed case. Doc. No. 8, 2, n. 1. Aside from pointing out this error, Plaintiff largely bases her argument for remand on her assertion of claims arising under state law. Doc. No. 9, 2. However, since all of these claims appear to arise from the same set of alleged facts, they are sufficiently related for this Court to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367.

**b. Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiff's Amended Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), or for failure to state a claim for which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that the Amended Complaint is frivolous, there is no need for a full 12(b)(6) analysis.

Reading the Amended Complaint in the light most favorable to Plaintiff, it appears that her essential claim is that Sgt. Vojtas and several other unnamed members of the Brentwood Police Department are involved in a plot to retaliate against Plaintiff for reporting crimes committed by her neighbor. Doc. No. 1, Ex. 2, *passim*. Plaintiff claims that her neighbors regularly read her mail, make terroristic threats against her, and cause damage to her property.

5

*Id.* at par. 12, 18. When Plaintiff has notified the police department about these issues, the crimes are allegedly overlooked because her neighbor has connections with the "Polish mafia," along with Sgt. Vojtas and other members of the department. On one occasion, Plaintiff claims that Sgt. Vojtas "*willfully chose* to discriminate against [P]laintiff by falsifying the police report," making it appear as if Plaintiff called for less serious reasons, thus thwarting any possibility of a police investigation. *Id.* at par. 12. Furthermore, Plaintiff claims that she is now being stalked and harassed by several "phony FBI agents" (who are really members of the Polish mafia) at the behest of Sgt. Vojtas, and that her phone has been tapped by Sgt. Vojtas, apparently so that he can learn when she speaks about her neighbors crimes. *Id.*, at par. 14, 23.

The factual allegations in Plaintiff's Amended Complaint, as far as they can be discerned from the meandering narrative, are clearly baseless. Plaintiff alleges that a widespread conspiracy has turned its collective attention to harass Plaintiff for complaining about her neighbor reading her mail and ruining her plants. At many points in the Complaint, great leaps of inference are required to follow Plaintiff's conspiracy theory, as the facts alleged are quite mundane and harmless. *See*, e.g., *Id.* at par. 24 (a meter reader parked in Plaintiff's driveway to read her neighbor's meter); par. 16 (a "grossly obese" girl, who was sitting across the street from Plaintiff's house, gave Plaintiff a "murderous look" and began texting when Plaintiff left). At those few points where Plaintiff directly alleges facts that would constitute a violation of her rights by Defendants, they are meritless. *See*, e.g., *Id.* at par. 14 (Vojtas ordered "phony FBI agents" to go to Plaintiff's church to slander Plaintiff). Plaintiff's alleged conspiracy thus stretches the bounds of conceivability, and falls far short of the plausibility standard required by *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).

Further, the Court has previously dismissed similar claims by Plaintiff as frivolous. *See Scarnati v. Pa. Federal Bureau of Investigation, et al.*, 12-cv-1289 (W.D. Pa. 2012), Doc. No. 2, *see also Scarnati v. Pa Office of Inspector General, et al.*, 11-cv-1143, Doc. No. 11 (granting Defendants' Motion to Dismiss due to immunity from suit). The Court must emphasize that Plaintiff has now unsuccessfully brought these grievances before a court of law multiple times. Plaintiff should refrain from bringing these same claims in any Court. Plaintiff has had her claims heard and now must move on.

## V. Conclusion

Because Plaintiff's Amended Complaint brings claims arising under federal law, and Plaintiff is unable to bring any defects in Defendants' removal to the Court's attention, Plaintiff's Motion to Remand will be denied. Furthermore, because Plaintiff's legal theory rests on the existence of highly implausible conspiracy, Defendants' Motion to Dismiss will be granted. Since any further amendments to the Complaint would be futile, Plaintiff's Amended Complaint will be dismissed with prejudice. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

An appropriate Order follows.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge